Lt. Terry D. Wilkins North Little Rock Police Department Levy Sub-Station 3903 Camp Robinson Road North Little Rock, AR 72117
Dear Lt. Wilkins:
I am writing in response to your request for an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101—25-19-109 (Repl. 2002 and Supp. 2003).
You have forwarded a copy of a request to review your "personnel folder from January 1, 1994 to present." Under the relevant statute, A.C.A. §25-19-105(c)(3)(B), I am required to issue my opinion as to whether the custodian's determination regarding the release of the requested documents is consistent with the FOIA. You have not indicated, however, whether the custodian has made a decision as to the release of the records in question and if so, what that decision is. You simply state that you are opposed to the release of your file. I have not been provided with a copy of the file in question. I therefore cannot opine definitively concerning the releasability of any document contained therein. Nevertheless, I will set forth the principles of law that will govern the issue of whether the documents in your file are subject to public inspection and copying.
In order to determine whether the documents contained in your personnel file are releasable, it will be necessary to determine the proper classification of those documents. Personnel files typically contain documents that constitute either "personnel records" or "job performance/employee evaluation records" (within the meaning of the FOIA). Some of the documents may also fall within one of the FOIA's specific exemptions from disclosure, such as the exemption for "medical records." Some of the documents, even if disclosable, may contain information that is exempt from disclosure. If so, such information should be redacted prior to disclosure of the record.
The Disclosability Standard for Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12).
What is a Personnel Record?
An initial question, then, is whether the records in your "personnel folder" constitute "personnel records." It is my opinion, as explained more fully below, that if these records pertain to your employment, but are not employee evaluation or job performance records, they would most likely be held by a court to constitute "personnel records."
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, this office has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records (discussed below), that pertain to individual employees, former employees or successful job applicants. See, e.g., Ark. Ops. Att'y Gen. Nos. 2000-130; 99-147, citing Watkins, The Arkansas Freedom of Information Act (3d ed. 1998), at 134.
If the records in your "personnel folder" are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of your personal privacy.
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
Under the FOIA, personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee. A.C.A. §25-19-105(b)(10). The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the custodian must disclose the personnel records. As the court noted in Young:
 The fact that section 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain "warranted" privacy invasions will be tolerated. Thus, section 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interests and disclosure will be favored.
308 Ark. at 598. However, as the court noted in Stilley v. McBride,332 Ark. 306, 312, 965 S.W.2d 125 (1998), when "there is little relevant public interest" in disclosure, "it is sufficient under the circumstances to observe that the employees' privacy interest in nondisclosure is not insubstantial." Given that exemptions from disclosure must be narrowly construed, it is the burden of an individual resisting disclosure to establish that his "privacy interests outweighed that of the public's under the circumstances presented." Id. at 313. Again, the question of whether the records at issue here contain disclosable information under this standard is a question of fact that must be made in the first instance by the custodian of the records. A number of documents contained in personnel files are typically releasable under this standard, with appropriate redactions.
The Standard of Disclosability for Employee Evaluation/Job PerformanceRecords
Some of the records in your personnel file may constitute "employee evaluation/job performance records." Under the FOIA, "employee evaluation/job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
What is an Employee Evaluation/Job Performance Record?
The FOIA uses but does not define the term "employee evaluation/job performance records." This office has taken the position that records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g., Ark. Ops. Att'y Gen. Nos. 2003-320 and 2000-242. More specifically, any records created at the behest of the employer that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents constitute employee evaluation or job performance records. See, e.g.,
Ark. Ops. Att'y Gen. Nos. 98-006; 97-222; 95-351; 94-306; 93-055.
If any of the records in your personnel file are, in fact, employee evaluation or job performance records, the above-stated three-part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. Any employee evaluation/job performance records in your personnel file can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest question. . . ." Watkins, Id. at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins, Id. at 145-46. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Watkins, Id. at 147. Professor Watkins also notes that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins, Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. Any employee evaluation/job performance records that may be in your personnel file can be released only if the custodian has determined factually that there was a suspension or termination, that the records in question formed the basis for that suspension or termination, and that there is a compelling public interest in the records.
I also note that you have expressed concern about the possible release of personal and/or family information. The FOIA provides a specific exemption for the home addresses of non-elected state, county and municipal employees as they appear in employers' records. A.C.A. §25-19-105(b)(13). Additionally, I reiterate that the custodian should scrutinize the records for the purpose of identifying any information that might be subject to a special exemption from disclosure under the FOIA. See, e.g., A.C.A. § 25-19-105(b)(2) (medical and education records). See also Op. Att'y Gen. 2003-320 (social security numbers). Any such information that is identified should be redacted from these documents prior to their release along with information which would constitute a "clearly unwarranted invasion of personal privacy" under A.C.A. § 25-19-105(b)(12).
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh